Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6762 | **DATE** | 10/25/2004 |
| **CASE TITLE** | Anita Ivory vs. Merck & Co., Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Because federal subject matter jurisdiction is therefore plainly and incurably lacking, this action is remanded to the Circuit Court of Cook County in accordance with Section 1447(c). There is no reason to delay the return of the lawsuit to its proper home, and as permitted by this District Court's LR 81.2(b) the Clerk is ordered to mail the certified copy of the remand order forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 2 6 2004 | 3 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | GMA docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/25/2004 | |
| SN | courtroom deputy's initials | 2004 OCT 25 PM 3:16 | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

OCT 2 6 2004

ANITA IVORY,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      No.   04 C 6762
                                      )
MERCK & CO., INC.,                    )
                                      )
            Defendant.                )

MEMORANDUM OPINION AND ORDER

Merck & Co., Inc. ("Merck") has filed a Notice of Removal

("Notice") of this putative class action from the Circuit Court

of Cook County, seeking to hang its jurisdictional hat on the

diversity of citizenship tree. But in so doing Merck has

seriously mischaracterized the action as it has been framed by

plaintiff Anita Ivory ("Ivory"). Hence this Court sua sponte

remands the case to its place of origin because, without

question, "it appears that the district court lacks subject

matter jurisdiction" (28 U.S.C. §1447(c)[1]).

It appears that the parties' citizenship is diverse: Ivory

is characterized by Notice ¶6 as an Illinois citizen,[2] and

---

[1] All further references to Title 28's provisions will
simply take the form "Section--."

[2] That may or may not be the case. Complaint ¶5 says only
that she is an Illinois resident (not necessarily, though most
often, connoting Illinois citizenship). Indeed, if Ivory had
chosen to sue in this District Court, that allegation would not
have sufficed for diversity purposes (Held v. Held, 137 F.3d 998,
1000 (7th Cir. 1998)).

Complaint ¶6 confirms Merck's dual citizenship (Section

1332(c)(1)) as being in New Jersey. But the problem lies in the

absence of the requisite amount in controversy, as to which

Complaint ¶3 alleges--with the obvious intent to keep the case in

the Circuit Court:

> Neither plaintiff's claims nor those of any class
> members exceed the sum of $75,000.[3]

To avoid that consequence, Merck seeks to call into play the

"either viewpoint" rule that is applicable where a lawsuit seeks

injunctive or declaratory relief (see, e.g., <u>Rubel v. Pfizer</u>

<u>Inc.</u>, 361 F.3d 1016, 1017 (7th Cir. 2004)). But that is readily

seen to be a red herring in this instance:

1. Merck's Vioxx product was <u>voluntarily</u> withdrawn

from the market <u>before</u> Ivory brought suit (Complaint ¶¶14

and 17-19), and the lawsuit seeks damages for a closed

period that ended on the September 30, 2004 date of such

withdrawal (Complaint ¶39). So injunctive relief is not

---

[3]   [Footnote by this Court]  Because Complaint ¶4 expressly disclaims "seek[ing] to recover in this action for any personal injury she or others may have sustained as a consequence of the ingestion of the drug," Complaint ¶3 does not run afoul of the prohibition in 735 ILCS 5/2-604 against pleading an ad damnum in personal injury cases.  Instead Ivory's pleading is in total compliance with the general requirement contained in the same statute, to which personal injury cases are made an exception. And that vital distinction renders irrelevant and wholly misconceived Merck's attempted reliance on any opinion such as that in <u>Zeedyk v. Merck & Co., Inc.</u>, No. 02 C 4203 (N.D. Ill. Aug. 30, 2002), attached as Notice Ex. B (an opinion with which this Court differs in other respects).

even arguably implicated, nor can Merck transmute the damages claims of Ivory and each prospective class member into a declaratory judgment action that triggers the "either viewpoint" approach.

2. In the class action context, the amount in controversy is measured in terms of each plaintiff's separate claim, not the aggregate amount that may be at risk for the defendant. Indeed, class members with separate claims of $75,000 or less cannot themselves gain access to the federal court by aggregating their claims for amount-in-controversy purposes (Snyder v. Harris, 394 U.S. 332, 338 (1969), reconfirmed in Zahn v. Internat'l Paper Co., 414 U.S. 291, 301 (1973)).[4]

With that string to its bow having been broken at the outset, Merck also points to Ivory's prayer for punitive damages as an asserted means to push the amount in controversy above the jurisdictional floor. But quite apart from the closer scrutiny to which punitive damage claims are to be subjected for amount-

---

[4] This case does not of course implicate the question whether Zahn's other holding (the inability of class members with claims under $75,000 to piggyback into the federal court on the claims of other class members that do exceed the jurisdictional threshold) remains viable. Just last week the Supreme Court granted certiorari in Exxon Corp. v. Allapattah Servs. Inc., 333 F.3d 1248 (11th Cir. 2003) and Ortega v. Star-Kist Foods Inc., 370 F.3d 124 (1st Cir. 2004) to address that question in light of the supplemental jurisdiction provision of Section 1367. But the portion of the Zahn holding referred to in the text indisputably remains intact.

in-controversy purposes (see, e.g., <u>Anthony v. Sec. Pacific Fin.</u>
<u>Servs., Inc.</u>, 75 F.3d 311, 315-17 (7th Cir. 1996)), here too the
Complaint ¶3 acknowledgment that neither Ivory's nor any other
class member's claim (including the prayed-for punitive damages)
exceeds $75,000 scotches that argument.

Finally, Merck seeks to relabel the unjust enrichment claim
set out in Complaint Count II as one seeking "disgorgement of
profits," again seeking to divert the focus of the action from
each plaintiff's claim to Merck's aggregate potential liability.
That simply won't work--once again such an attempted change in
labels cannot and does not alter the self-limitation of the
individual claims (the only proper focus) in Complaint ¶3.

In summary, each potential predicate for diversity
jurisdiction advanced by Merck does not survive scrutiny.
Because federal subject matter jurisdiction is therefore plainly
and incurably lacking, this action is remanded to the Circuit
Court of Cook County in accordance with Section 1447(c).  There
is no reason to delay the return of the lawsuit to its proper
home, and as permitted by this District Court's LR 81.2(b) the
Clerk is ordered to mail the certified copy of the remand order
forthwith.

Milton I. Shadur
Senior United States District Judge

Date:  October 25, 2004

4